UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>DOUGLAS DOEDEN,<br>Defendant. | 4:26-CR-40050<br>ORDER OF DETENTION |

**Part I—Eligibility for Detention**

Upon the motion of the government or the court's own motion for a detention hearing pursuant to 18 U.S.C. § 3142(f)(1) because the defendant is charged with:

__X__ any felony that is not otherwise a crime of violence but involves (a) a minor victim; (b) the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); (c) any other dangerous weapon; or (d) a failure to register under 18 U.S.C. § 2250;

**AND**

Upon the government's or the court's own motion for a detention hearing pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

_X___ a serious risk that the defendant will flee if released.

The court found that the government established one or more of the factors above, held a detention hearing, and found that detention is warranted. This order sets forth the court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

**Part II—Findings of Fact and Law as to Presumptions under 3142(e)**

**Rebuttable Presumption Arises under 18 U.S.C. § 3142(e)(3):** There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety

of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

__X__ an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

The court finds the defendant has NOT rebutted the presumption.

**Part III—Analysis and Statement of Reasons for Detention**

After considering any applicable presumption, the nature and circumstances of the defendant's alleged conduct, the defendant's history and characteristics, the other factors set forth in 18 U.S.C. § 3142(g), the information presented at the hearing, and the available conditions of release under 18 U.S.C. § 3142(c), the court concludes that the defendant must be detained pending trial because the government has proven:

__X__ by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

__X__ by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required or ensure the defendant does not obstruct justice or intimidate a prospective witness or alleged victim.

The reasons for detention include the following checked items:

_X___ the offense charged involves a minor victim, a controlled substance, a firearm, explosive, or destructive device.

__X__ subject to a lengthy period of incarceration if convicted.

__X__ prior use of alias(es) or false documents.

__X__ history of alcohol or substance abuse.

__X__ prior violations of probation, parole, or supervised release.

__X__ prior failure to appear in court as ordered.

__X__ on probation, parole, supervised release, or pretrial supervision at the time of the alleged offense.

__X__ participation in criminal activity while on probation, parole, or supervised release.

__X__ the defendant's release poses a serious risk of danger to any person or the community.

**Part IV—Directions Regarding Detention**

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate—to the extent practicable—from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 20th day of August, 2026.

BY THE COURT:

VERONICA L. DUFFY

United States Magistrate Judge